IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RODNEY LASHAUN DIXON,**

    **Plaintiff,**

v.                                                  Case No. 1:25-cv-144-AW-ZCB

**TRANSUNION CONSUMER
SOLUTIONS,**

    **Defendant.**

_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Rodney Lashaun Dixon, proceeding pro se and *in forma pauperis*, sued TransUnion Consumer Solutions alleging violations of the Fair Credit Reporting Act and alleging a state-law negligence claim. The operative complaint is the amended complaint (ECF No. 11).

In a thorough report and recommendation, the magistrate judge concludes the court should dismiss the FCRA claims for failure to state a claim and should decline to exercise supplemental jurisdiction over the state-law claim. ECF No. 12. Dixon has filed no objection, and his deadline for doing so has passed. Having considered the matter, I agree with the magistrate judge. I adopt the report and recommendation in full, and I incorporate it into this order.

Dixon has not alleged facts stating a plausible claim under the FCRA. Those claims will be dismissed on the merits. That leaves only a state-law negligence claim,

1

over which I decline to exercise supplemental jurisdiction.[1] That claim will be dismissed without prejudice so that Dixon, if he chooses, may pursue it in state court.

The clerk will enter a judgment that says, "Plaintiff's federal claims are dismissed on the merits for failure to state a claim. The court declines to exercise jurisdiction over the state-law negligence claim, which is dismissed without prejudice."

The clerk will then close the file.

SO ORDERED on October 6, 2025.

                                        s/ *Allen Winsor*
                                        Chief United States District Judge

---

[1] Dixon, who had the burden of alleging facts to show jurisdiction, alleges only federal-question jurisdiction. ECF No. 11 at 2. He has not alleged sufficient facts to show diversity jurisdiction. He has not alleged where TransUnion was incorporated, and he has not alleged facts showing $75,000 is at issue. *See* 28 U.S.C. § 1332.